# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREGORY HARRIS,**
**D.O.C. # M38811,**

    **Plaintiff,**

**vs.**                                                        **Case No. 4:20cv343-AW-MAF**

**FLORIDA DEPARTMENT**
**OF CORRECTIONS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gregory Harris sought to initiate this civil rights case pursuant to 42 U.S.C. § 1983 on July 6, 2020. Plaintiff submitted a complaint, ECF No. 1, an in forma pauperis motion, ECF No. 2, a motion for writ of attachment, ECF No. 3, a motion for relief from imminent danger of serious physical injury, ECF No. 4, and a notice of inquiry, ECF No. 5.

Judicial notice was taken that Plaintiff is a "three striker" pursuant to 28 U.S.C. § 1915(g). ECF No. 7. An Order was entered concerning those filings, denying several of Plaintiff's motions and requiring him to file an amended complaint and an amended in forma pauperis motion. ECF No.

7.  The original in forma pauperis motion, ECF No. 2, was insufficient because Plaintiff did not attach a copy of his inmate bank statement to the motion.  Thus, Plaintiff was required to submit the required inmate bank account statement showing the six month period of time prior to case initiation as required by 28 U.S.C. § 1915.[1]

Plaintiff has now done so, ECF No. 12, and his account demonstrates that he qualifies for in forma pauperis status as Plaintiff lacks the financial ability to pay the filing fee.  However, because Plaintiff has three "strikes," he is still not entitled to proceed with in forma pauperis status unless he shows he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

For the sake of completeness, it should be noted that Plaintiff previously initiated case number 13-24422-civ in the Southern District of Florida on December 9, 2013.  The case was dismissed sua sponte on January 24, 2014, pursuant to the "three strikes" provision of the Prison Litigation Reform Act.  ECF No. 7 of that case.  The Order of dismissal adopted the Report and Recommendation, ECF No. 5, of United States

---

[1] The requirement to attach an account statement for the prior six month period of time is also included in the in forma pauperis motion and instructions.  ECF No. 2 at 2.

Case No. 4:20cv343-AW-MAF

Magistrate Judge P.A. White which explained that Plaintiff[2] had previously filed four cases in that court which were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Id.* Judge White also noted Plaintiff previously had two cases dismissed pursuant to § 1915(g) finding that Plaintiff qualified as a "three-striker" under § 1915(g).  ECF No. 5 at 2 of that case (citing case # 13-24417-civ and case # 13-14422-civ).

Judicial notice is also taken of case number 4:15cv366-RH-CAS which was filed by Plaintiff Gregory Harris in this Court. The case was dismissed under 28 U.S.C. § 1915(g) because Plaintiff had at least three "strikes" and did not allege he was in imminent danger of serious physical injury.  This is not a complete listing of all Plaintiff's prior cases, nor did Plaintiff provide such a list as required, but this information is sufficient to demonstrate that Plaintiff has three "strikes" under § 1915(g).  It also is sufficient to show that Plaintiff is an experienced filer in federal court and is well aware of the limitations imposed by § 1915(g).

---

[2] The Court has confirmed that all of these cases were filed by Plaintiff Gregory Harris whose inmate number as M38811.  *See* ECF No. 1 at 1.

Case No. 4:20cv343-AW-MAF

Plaintiff should also be well aware that he is barred from proceeding with in forma pauperis status unless his complaint demonstrates that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). That means Plaintiff must show that he faces injury in the future, not just in the past. Plaintiff's amended complaint, ECF No. 12, does not do so. He has made conclusory allegations of "imminent danger," but those assertions are unsupported by specific facts. Plaintiff provides generic dates which appear to begin "from Dec. 15 2019," *see* ECF 10 at 7, or "from Feb. 22, 2020," *see id.* at 10, but there are insufficient facts to show what happened to Plaintiff, what a Defendant did or did not do, or explain how he is in imminent danger of future harm.

Plaintiff makes conclusory allegations that Defendants are deliberately indifferent to his serious medical needs. *See* ECF No. 10 at 7-10. He makes virtually the same assertion as to most of the Defendants, but Plaintiff does not support his assertion with a statement of facts. These are legal buzz words and not factual allegations.

Plaintiff also asserts several different claims for an excessive use of force, *id.* at 10-12, and the denial of access to the courts, *see id.* at 12-13, and claims for deliberate indifference to his medical needs. *Id.* at 13-15.

Those claims are also conclusory only, unsupported by facts. Plaintiff's complaint is insufficient to alert a named Defendant to the factual basis for his claim.

Furthermore, by combining all such claims, Plaintiff is attempting to litigate multiple issues in this one case. A case that proceeds based on "imminent danger" must be limited to that issue.

To the degree Plaintiff *might* could present such a claim and show that he does face imminent danger, this case has been filed in the wrong district. Plaintiff is incarcerated at the Florida State Prison in Raiford, Florida. Raiford is in Union County, Florida, which is within the territorial jurisdiction of the Middle District of Florida. If Plaintiff could present a plausible complaint to show imminent danger, it should be litigated in the Middle District where Plaintiff is located and any Defendant with direct involvement is located.

Plaintiff has attempted to avoid litigating his case in the proper Court. He has named the Secretary of the Florida Department of Corrections as a Defendant. ECF No. 10 at 4. Yet even though the Secretary is located in the Northern District, Plaintiff has not alleged any facts which demonstrate the involvement of the Secretary. *Id.* at 7-8. His claim is conclusory and

cannot proceed.  Alleging legal conclusions is not sufficient to establish the "imminent danger" exception of § 1915(g).

Plaintiff's litigation history demonstrates he has been an abusive litigant.  His recent multiple filings in this Court indicate Plaintiff is continuing that course of conduct.  ECF Nos. 8-12.  Plaintiff was required to submit an amended complaint and an amended in forma pauperis motion.  Instead, he filed five different documents: (1) an amended motion for writ of attachment, ECF No. 8; (2) an amended emergency motion for a preliminary injunction, ECF No. 9; (3) an amended complaint; (4) an amended motion for leave to proceed "under imminent danger," ECF No. 1; and (5) an amended motion for leave to proceed in forma pauperis, ECF No. 12.  The amended petition for writ of attachment, ECF No. 8, is another document containing conclusory allegations relating to the substance of his complaint.  The document is frivolous and should be denied.

The emergency petition for a preliminary injunction states what Plaintiff wants as relief (such as a transfer), but it does not demonstrate that Plaintiff's rights have been violated, that he faces an emergency situation, or that he is entitled to injunctive relief.  The motion also does not provide supporting facts or point to any specific Defendant.  ECF No. 9.

Instead, it is drafted as though Plaintiff were submitting a proposed order to this Court. The motion is insufficient on its face and should also be denied.

Plaintiff's "amended motion for leave of court to file under imminent danger," ECF No. 11, is a lengthy document which quotes from case law and makes conclusory assertions. It does not demonstrate that Plaintiff faces imminent danger. Repeatedly saying so is insufficient.

In general, Plaintiff's complaint asserts, in conclusory fashion, that he contracted a blood infection from another inmate. He contends he is more susceptible "to the COVID-19 virus," and he contends he has a weakened immune system. *See* ECF No. 11 at 5; ECF No. 10 at 7. Plaintiff's allegations do not reveal any more than a generalized concern that he is in danger from the coronavirus. That is insufficient. Plaintiff has not alleged recent facts showing current conditions at his institution or citing to any specific deficiency. Should Plaintiff believe there is a *factual* basis to assert that he is in imminent danger of harm from a current condition of confinement or the actions of a specific Defendant, Plaintiff should initiate a new case in the district in which he is incarcerated. However, because this case is insufficient to proceed, it should be dismissed pursuant to 28 U.S.C. § 1915(g) and all pending motions denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** because Plaintiff's factual allegations are insufficient to permit him to proceed under 28 U.S.C. § 1915(g) without full payment of the filing fee at the time of case initiation, that all pending motions be **DENIED**, and that the Order adopting this recommendation direct the Clerk of Court to enter on the docket that this case was dismissed pursuant to § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**